**United States District Court**
For the Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DAN KRUGER,                              Case No. 16-cv-02459-EMC

8            Plaintiff,

9        v.                                   **ORDER (1) GRANTING PLAINTIFF'S
                                             MOTION FOR SUMMARY
10   CAROLYN W. COLVIN,                       JUDGMENT; (2) DENYING
                                             DEFENDANT'S CROSS-MOTION FOR
11           Defendant.                       SUMMARY JUDGMENT; AND (3)
                                             REMANDING CASE FOR FURTHER
12                                            PROCEEDINGS**

13                                            Docket Nos. 15, 16

14          In February 2009, Plaintiff Dan Kruger protectively filed an application for disability

15   insurance benefits under Title II of the Social Security Act.  *See* AR 203-04.  The application was

16   denied initially in April 2009, *see* AR 100-04, and then upon reconsideration in November 2009.

17   *See* AR 108-12.  Mr. Kruger then requested a hearing before an administrative law judge ("ALJ").

18   *See* AR 114.  A hearing was held before ALJ Maxine R. Benmour in November 2010.  *See* AR 52.

19   Subsequently, in January 2011, ALJ Benmour issued her decision, concluding that Mr. Kruger

20   was not disabled from October 20, 1995 (the alleged onset date) through December 31, 2000 (the

21   date last insured).  *See* AR 29-38.  Mr. Kruger then asked the Appeals Council for the Social

22   Security Administration ("SSA") to review the ALJ's decision, but that request was denied, thus

23   leaving the ALJ's decision as "the final decision of the Commissioner of Social Security."  AR 1.

24   Mr. Kruger then initiated Case No. C-12-5820 EMC, challenging the ALJ's decision.

25          In Case No. C-12-5820 EMC, the parties filed cross-motions for summary judgment, and

26   this Court denied the Commissioner's motion but granted in part and denied in part Mr. Kruger's.

27   The Court determined that a remand for further factual development of the record was necessary.

28   *See generally Kruger v. Colvin*, No. C-12-5820 EMC (N.D. Cal.) (Docket No. 18) (order).

**United States District Court**
For the Northern District of California

1    Consistent with the Court's order, the SSA conducted further factual development of the

2  record.  As noted by Mr. Kruger, he was "not able to offer any additional information beyond what

3  [he] had initially provided," other than two letters from Dr. Bruce Blumberg, the genetic specialist

4  who first diagnosed him with a condition known as Ehler's Danlos Syndrome, and more recent

5  medical records from Kaiser, which were dated well past his date last insured.  Mot. at 2-3.  A new

6  hearing was subsequently held before a different ALJ – Alberto E. Gonzalez – in April 2014.  In

7  September 2014, ALJ Gonzalez issued his decision, denying Mr. Kruger's claim for disability

8  insurance benefits.  *See* AR 548-61.  The Appeals Council found that the ALJ's decision was

9  supported by substantial evidence.  *See* AR 527.  Mr. Kruger thereafter filed the instant action.

10    As indicated by the above, Mr. Kruger has exhausted his administrative remedies with

11  respect to his claim of disability, and this Court has jurisdiction to review pursuant to 42 U.S.C. §

12  405(g).  Mr. Kruger has moved for summary judgment, seeking a reversal of the Commissioner's

13  decision and a remand for an immediate award of benefits.  The Commissioner has cross-moved

14  for summary judgment.  Having considered the parties' briefs and accompanying submissions,

15  including but not limited to the administrative record, and good cause appearing therefor, the

16  Court hereby **GRANTS** Mr. Kruger's motion and **DENIES** the Commissioner's.  The Court

17  remands to the agency for further proceedings.

## I.    FACTUAL & PROCEDURAL BCKGROUND

19    As noted above, ALJ Gonzalez rejected Mr. Kruger's claim for benefits, applying the five-

20  step sequential evaluation process provided for by 20 C.F.R. § 404.1520.

21            "Step one disqualifies claimants who are engaged in substantial
             gainful activity from being considered disabled under the
22           regulations.  Step two disqualifies those claimants who do not have
             one or more severe impairments that significantly limit their
23           physical or mental ability to conduct basic work activities.  Step
             three automatically labels as disabled those claimants whose
24           impairment or impairments meet the duration requirement and are
             listed or equal to those listed in a given appendix.  Benefits are
25           awarded at step three if claimants are disabled.  Step four
             disqualifies those remaining claimants whose impairments do not
26           prevent them from doing past relevant work.  Step five disqualifies
             those claimants whose impairments do not prevent them from doing
27           other work, but at this last step the burden  of proof shifts from the
             claimant to the government.  Claimants not disqualified by step five
28           are eligible for benefits."

*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).

In the instant case, ALJ Gonzalez made the following rulings.

- Mr. Kruger's date last insured ("DLI") was December 31, 2000. *See* AR 551; *see also Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008) (stating that "only disabilities existing before date last insured establish entitlement to disability insurance benefits").

- Mr. Kruger did not engage in substantial gainful activity from October 20, 1995 (the onset date that Mr. Kruger asserted before the first ALJ),[1] to December 31, 2000 (the DLI). *See* AR 551.

- Through the DLI, Mr. Kruger had the following medically determinable impairments: Ehlers Danlos syndrome ("EDS") and annual fissures at the L4-5 and L5-S1 levels, status post intradiscal electrothemeral disc decompression, nuclectomy, and anuloplasty. *See* AR 551.

- Through the DLI, Mr. Kruger did not have a severe impairment or combination of impairments – *i.e.*, he "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months." AR 551.

Accordingly, ALJ Gonzalez concluded that Mr. Kruger was not disabled from the alleged onset date of disability through December 31, 2000 (*i.e.*, the DLI). AR 560. As indicated in note 1, the amended alleged onset date is December 1, 2000.

## II.  DISCUSSION

A.    Legal Standard

After a final decision on a claim for benefits by the Commissioner, the claimant may seek judicial review of that decision by a district court. *See* 42 U.S.C. § 405(g). The Commissioner's decision will be disturbed only if the ALJ has committed legal error or if the ALJ's findings are

---

[1] Although the ALJ referenced this alleged onset date, the Appeals Council properly noted that, at the hearing before the ALJ, Mr. Kruger amended the alleged onset date to December 1, 2000. *See* AR 526 (Appeals Council decision, dated November 6, 2015); AR 619 (ALJ hearing).

3

United States District Court

**United States District Court**
For the Northern District of California

1  not supported by substantial evidence. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050,

2  1052 (9th Cir. 2006) ("We will uphold the Commissioner's denial of benefits if the Commissioner

3  applied the correct legal standards and substantial evidence supports the decision."). Substantial

4  evidence is relevant evidence – "more than a scintilla, but less than a preponderance" – that a

5  reasonable mind may accept to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035

6  (9th Cir. 2007). A court evaluates "the record as a whole, . . . weighing both the evidence that

7  supports and detracts from the ALJ's conclusion" to determine if substantial evidence supports a

8  finding. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence supports "more

9  than one rational interpretation," the Court must uphold the ALJ's decision. *Burch v. Barnhart*,

10  400 F.3d 676, 680-81 (9th Cir. 2005).

11  B.      Step Two Inquiry

12          As noted above, here, the ALJ concluded that Mr. Kruger was not disabled because,

13  through the DLI, he did not have a severe impairment or combination of impairments. That is, he

14  "did not have an impairment or combination of impairments that significantly limited the ability to

15  perform basic work-related activities for 12 consecutive months." AR 551. This was a step two

16  finding. *See* 20 C.F.R. § 404.1520(c) (providing that a claimant "must have a severe impairment,"

17  *i.e.*, "any impairment or combination of impairments which significantly limits [the claimant's]

18  physical or mental ability to do basic work activities").

19          Mr. Kruger argues that ALJ Gonzalez's step-two analysis should be rejected because (1)

20  the ALJ improperly gave great weight to the opinion of Dr. McCown, a nontreating,

21  nonexamining medical expert who testified at the ALJ hearing, instead of crediting the opinions of

22  Mr. Kruger's treating physicians, Dr. Saal and Dr. Blumberg; and (2) the ALJ improperly found

23  Mr. Kruger only partially credible. The government disputes such. The Court, however, need not

24  address the merits of these arguments at this time because there is a more fundamental problem

25  before it. That is, the ALJ committed a legal error in his analysis. Although the ALJ properly

26  acknowledged that, at step two, "[a]n impairment or combination of impairments is 'not severe'

27  when medical and other evidence establish only a slight abnormality or a combination of slight

28  abnormalities that would have no more than a minimal effect on an individual's ability to work,"

4

1  AR 550; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), he does not appear to

2  have taken into consideration Ninth Circuit law explaining that "the step two inquiry is a de

3  minimis screening device *to dispose of groundless claims*." *Id.* (emphasis added); *cf. Hoopai v.*

4  *Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (stating that "[t]he step two and step five

5  determinations require different levels of severity of limitations such that the satisfaction of the

6  requirements at step two does not automatically lead to the conclusion that the claimant has

7  satisfied the requirements at step five").  Because the ALJ did not take into account this Ninth

8  Circuit law, he appears to have applied more rigor at step two than is permitted.

9  Accordingly, the Court concludes that summary judgment in Mr. Kruger's favor and a

10  remand are appropriate.  On remand, the agency shall reconsider, under the appropriate legal test,

11  whether Mr. Kruger has met his burden at step two.

12  In so ruling, the Court is not expressing any opinion as to how step two or any of the later

13  steps, if reached, should be resolved.  It is worth noting, however, that much of the ALJ's analysis

14  at step two – which was thorough and detailed – could well inform the agency's analysis at, *e.g.*,

15  step four, should it reach that step.  For example, much of the evidence addressed by the ALJ may

16  be relevant to determining what residual functional capacity Mr. Kruger had at the relevant time.

17  Furthermore, it is worth noting that there does not seem to be any real dispute that a person

18  with Ehlers-Danlos syndrome can experience significant pain out of proportion to the objective

19  medical findings.  But, contrary to what Mr. Kruger suggests, even though he was diagnosed with

20  Ehlers-Danlos syndrome, that does not thereby mean that his complaints of disabling pain are

21  unassailable.  The ALJ was still entitled – indeed, required – to do a credibility assessment.  That

22  remains true for the agency on remand.

23  Finally, the Court notes that this case presents somewhat unique circumstances in that,

24  even though the factual record has been further developed as previously ordered by the Court,

25  there is still, quite simply, minimal evidence regarding Mr. Kruger's condition at the relevant

26  time.

27

28

**United States District Court**
For the Northern District of California

5

United States District Court
For the Northern District of California

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Mr. Kruger's motion and denies the Commissioner's and further remands this case for further proceedings with the agency.

This order disposes of Docket Nos. 15 and 16.

**IT IS SO ORDERED**.

Dated: December 7, 2016

_____

EDWARD M. CHEN
United States District Judge

6